UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH WEIDEMAN, | ) | CASE NO. 5:15-cv-1881 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DAVE DOAK, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On September 14, 2015, pro se plaintiff Joseph Weideman filed this in forma pauperis action against the following defendants: David Doak, Portage County Sheriff; Dr. Vargo, Chief Medical Officer, Portage County Justice Center; Dr. Carol Miller, Columbus Medical Center; Mrs. K. Edwards, Health Care Administrator, Allen/Oakwood Correctional Institution ("AOCI"); AOCI Correctional Officers Ms. Shaw, Ms. Lynn, and Mr. Couch; AOCI Nurses Kelly Haggard, Amy Pederson, and Sheena Manley; AOCI ADA representative B. Featheringham; and, Dr. Carlos Perez, Chief Medical Officer at AOCI. (Doc. No. 1 ("Compl.").) The complaint asserts, inter alia, that defendants were deliberately indifferent to plaintiff's medical needs, and that he was retaliated against for seeking appropriate medical care and treatment.

On September 23, 2015, plaintiff sought to add Portage County Court of Common Pleas Judge Laura Pittman ("Pittman") as a defendant to the complaint, alleging that she set a sentencing hearing instead of ordering that plaintiff receive immediate medical treatment. (Doc.

No. 4 at 37.[1]) According to plaintiff, "Defendant Pittman did not do her ministratible [sic] duty[.]" (*Id*.) The Court granted plaintiff's motion to amend. (Doc. No. 5.).

Pro se pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). However, the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 109 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

While Weideman's claims against the defendants named in the original complaint may have arguable merit, the same cannot be said regarding the claim against Judge Pittman. Judicial officers are generally immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (citations omitted). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of jurisdiction. *Id*. at 1116 (citing *Mireles*, 502 U.S. at 11-12).

Plaintiff asserts no facts reasonably suggesting either of these criteria have been satisfied with regard to the alleged actions of Judge Pittman. Accordingly, Judge Pittman is immune from suit as to plaintiff's claim against her.

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

2

For the foregoing reasons, defendant Judge Laura Pittman is **DISMISSED** from this action pursuant to 28 U.S.C. § 1915(e). The Court certifies that, pursuant to 28 U.S.C. §1915(a)(3), an appeal from this decision dismissing Judge Laura Pittman could not be taken in good faith.

The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on the remaining defendants.

**IT IS SO ORDERED**.

Dated: February 8, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**