UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH WEIDEMAN, | ) | CASE NO. 5:15-cv-1881 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| DAVE DOAK, et al., | ) | **(Adopting Report and Recommendation)** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is the Interim Report and Recommendation ("R&R") (Doc. No. 54) of Magistrate Judge George J. Limbert recommending that the Court grant the motions to dismiss for failure to state a claim filed pursuant to Fed. R. Civ. P. 12(b)(6) by defendant Dave Doak ("Doak") (Doc. No. 19), the defendants/employees of Allen-Oakwood Correctional Institution (the "AOCI defendants")[1] (Doc. No. 30), and defendant Dr. John Vargo ("Vargo") (Doc. No. 34), all of which are fully briefed as detailed in the R&R. (*See* R&R at 437.)[2]

Plaintiff filed objections (Doc. No. 60), and Doak and Vargo filed their opposition to the objections (Doc. Nos. 61 and 62, respectively).

For the reasons discussed herein, the objections are overruled. The well-reasoned and thorough R&R is adopted in its entirety, and the motions to dismiss with prejudice are granted. This case shall now proceed solely against defendant Dr. Carol Miller, who has a pending motion to dismiss that is not addressed by the R&R.

---

[1] The AOCI defendants are Mrs. K. Edwards, M. Shaw, M. Lynn, Mr. Couch, Amy Pederson, Kelly Haggard, Sheena Manley, Brooke Featheringham, and Carlos Perez.

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

A.     **Standard of Review**

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.").[3]

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings … believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller*, 50 F.3d at 380).

After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

B.     **Ruling on the "Objections"**

The Court has construed plaintiff's objections liberally, as it must for all documents filed by *pro se* litigants. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)

---

[3] *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

(*pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers"). Even so, the objections here fail to meet the standards articulated above. The objections do not cite any specific portion of the R&R that is erroneous in law and/or fact; rather, they merely reiterate broad arguments already made and rejected by the R&R.[4]

Plaintiff does little more than disagree with the conclusions and recommendations of the magistrate judge, insisting that his complaint[5] adequately sets forth constitutional violations. The "general disagreement with the Magistrate Judge's ultimate recommendation is tantamount to a complete failure to object." *Langford v. Caruso*, No. 11-10219, 2011 WL 3034539, at *2 (E.D. Mich. July 25, 2011) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam)).

Therefore, to the extent plaintiff raises any "objections," and the Court determines that he has not, those objections are all overruled.

C.  **Conclusion**

Finding plaintiff's submission completely lacking from the standpoint of identifying specific errors of law or fact contained in the R&R, the Court overrules all objections and adopts the well-reasoned and thorough Interim Report and Recommendation in its entirety. (*See* Doc. No. 54.)

---

[4] For example, with respect to defendant Doak, the County Sheriff responsible for pretrial detainees at the Portage County Justice Center ("PCJC"), plaintiff states by way of objection: "Under the due process clause a pre-trial detainee cannot, [sic] be punished. … Plaintiff's entire incarceration as a pre-trial detainee at PCJC was unconstitutionally punitive … [.]" (Obj. at 484.) He further asserts that, during his entire pretrial detention, "he was subjected to cruel and unusual punishment and is still to this present day receiving this type of punishment from Dave Doak and his employees at [PCJC]." (*Id.* at 485.) With respect to the AOCI defendants, plaintiff argues that "everything that was done to and against the Plaintiff while there, was the result of a violation of retaliation … [.]" (*Id.* at 487.) These conclusory assertions and arguments are in the nature of "more of the same" and do not constitute specific objections to anything in the R&R.

[5] The operative complaint is the second amended complaint the magistrate judge granted leave to file. (*See* Order, Doc. No. 53; *see also* Second Amended Complaint, Doc. No. 29-1.)

All of the motions to dismiss addressed by the R&R (Doc. Nos. 19, 30 and 34) are granted, and the case is dismissed with prejudice as to all defendants except defendant Dr. Carol Miller.[6]

**IT IS SO ORDERED**.

Dated: March 10, 2017

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**

---

[6] The Court recognizes that Dr. Miller has a pending motion to dismiss or for summary judgment. (Doc. No. 55). This motion will be ruled on separately.