UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH WEIDEMAN, | CASE NO. 5:15CV1881 |
| Plaintiff, | JUDGE SARA LIOI |
| v. | Magistrate Judge George J. Limbert |
| DAVE DOAK, et al., | |
| Defendants. | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |

This matter is before the undersigned on a motion for dismissal or summary judgment (the "Motion") filed by Defendant Dr. Carol Miller ("Defendant") on January 12, 2017.[1] ECF Dkt. #55. In the Motion, Defendant asserts four independent reasons why this case should be dismissed or summary judgment should be granted in favor of Defendant. Namely, Defendant asserts that: (1) this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (5); (2) this case should be dismissed pursuant Fed. R. Civ. P. 4(m); Plaintiff's federal claims should be dismissed on the merits pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiff's pendant state law claims should be dismissed without prejudice; and (4) summary judgment should be granted in favor of Defendant on all claims pursuant to Ohio Revised Code ("ORC") § 2117.06. Plaintiff did not file a brief in opposition to Defendant's Motion.

For the following reasons, the undersigned RECOMMENDS that the Court: GRANT Defendant's Motion insofar as it requests dismissal of all federal claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and dismissal of the pendant state law claims without prejudice; DENY as moot Defendant's Motion insofar as it requests dismissal of all claims pursuant to Fed. R. Civ. P. 12(b)(1) and (5); DENY as moot Defendant's Motion insofar as it requests dismissal of all claims pursuant to Fed. R. Civ. P. 4(m); and DENY as moot Defendant's Motion insofar as it requests that summary judgment be granted in favor of Defendant on all claims pursuant to ORC § 2117.06.

---

[1] Defendant is named as "Dr. Carol Miller" on the docket.

## I.     PROCEDURAL HISTORY

Defendant filed the Motion on January 12, 2017. ECF Dkt. #55. At that time, an Interim Report and Recommendation from the undersigned, filed on January 10, 2017, had been issued and was pending before the Court. ECF Dkt. #54. On January 30, 2017, the copies of the Interim Report and Recommendation issued on January 10, 2017, and the Order issued on that same date were returned as "not deliverable" to Plaintiff since he was out to court. ECF Dkt. #56. As a copy of the Motion was sent to Plaintiff during roughly the same time period as the Interim Report and Recommendation and the Order that were returned, there was concern that Plaintiff did not receive a copy of the Motion. Accordingly, a second copy of the Motion was mailed by Defendant's counsel to Plaintiff on February 2, 2017.[2] ECF Dkt. #57. Accordingly, the period for Plaintiff to file a response in opposition to Defendant's motion has closed. *See* Local Rules 7.1(d); Fed. R. Civ. P. 5(b)(2)(C), (D), or (F); Fed. R. Civ. P. 6(d). On March 10, 2017, the Court adopted the January 10, 2017, Interim Report and Recommendation in its entirety, dismissed all named defendants other than Defendant, and indicated that this case was proceeding solely against Defendant. ECF Dkt. #63.

## II.     FACTUAL HISTORY

For the purpose of the Motion, the facts of the instant case are set forth in Plaintiff's second amended complaint.[3] *See* ECF Dkt. #29-1. The second amended complaint sets forth limited facts regarding Defendant. At the time of the events described in the second amended complaint, Defendant was a doctor at Ohio State University ("OSU").[4] ECF Dkt. #29-1 at 5-6. On or around October 9, 2013, Plaintiff was told that Defendant wanted x-rays taken of Plaintiff's neck. *Id.* at 5.

---

[2] Defendant certified that a copy of the motion was mailed to Plaintiff when it was initially filed on January 12, 2017, although there is a typographical error listing the date as January 12, 2016, in the certificate of service. ECF Dkt. #55 at 11. Defendant also certified that the second copy of the Motion was mailed to Plaintiff on February 2, 2017. ECF Dkt. #57.

[3] The Order issued on January 10, 2017 (ECF Dkt. #53), granted Plaintiff's Motion Pursuant to Federal Rule 15(A) to Amend Complaint Via Clarity of Torts (Leave Request) (ECF Dkt. #29), thereby allowing Plaintiff to file a second amended complaint (ECF Dkt. #29-1).

[4] Defendant died on October 28, 2015. ECF Dkt. #55-1.

Two days later, x-rays were taken of Plaintiff's neck. *Id.* Plaintiff spoke with Defendant about the x-rays via video conference on October 29, 2013, and Defendant informed Plaintiff that she was having him brought from prison to OSU for a CT scan relating to alleged pain in Plaintiff's neck. *Id.*

On December 12, 2013, Plaintiff was transported to OSU, where he met with Defendant. *Id.* at 6. Plaintiff stated that two rods in his neck were "screeching and banging" when rubbed together. *Id.* Defendant Miller told Plaintiff that it was normal for rods to break for up to five years after installation, and then left the examination room. *Id.* On December 13, 2013, Plaintiff visited Dr. Granson, who stated that Defendant Miller recommended pain management and prescribed Tegretol.[5] *Id.* Plaintiff stated that Tegretol was for epilepsy, not pain management, and Dr. Granson indicated that there was nothing else he could do about the medication. *Id.* Plaintiff filed an informal complaint in March 2014, presumably regarding his pain. *Id.* On March 23, 2014, Plaintiff received a response to his informal complaint indicating that he had been seen by Defendant Miller and that she had determined that the fusion rods in Plaintiff's neck were not broken, and then ordered that Plaintiff follow up with Dr. Granson. *Id.* Based on the conduct described above, Plaintiff asserts the following:

> [Defendant] violated [Plaintiff's] eighth amendment rights when [Defendant] failed to protect [Plaintiff], deliberate indifference, due process, negligence, and unwarranted infliction of pain, cruel and unusual punishment, falsifying medical records, emotional stress, depression, ADA negligence of medical care, is being sued for $1,000,000 (One Million) dollars. [sic]

ECF Dkt. #29-1 at 21.

## III. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint.[6] *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

---

[5]Plaintiff does not provide any additional information on Dr. Granson or his affiliation to any institution; Tegretol is an anticonvulsant used to treat certain types of seizures. Tegretol, https://www.drugs.com/tegretol.html (last visited March 20, 2017).

[6]Defendant's Motion was filed as a "motion for dismissal or summary judgment." For the reasons stated below, the undersigned is recommending that the Court dismiss this case. As such, only the standard

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action..." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). The plaintiff need not set forth "detailed factual allegations," but the pleading standard set forth by the Supreme Court of the United States "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**IV.    ANALYSIS**

    **A.    Fed. R. Civ. P. 12(b)(6)**

---

of review relating to a motion to dismiss is included herein.

Defendant devotes the most substantial portion of her brief to her argument relating to Fed. R. Civ. P. 12(b)(6).  Accordingly, the undersigned will address this argument first.  Defendant avers that Plaintiff has failed to assert federal and state law claims that are sufficient to sustain this case. ECF Dkt. #55 at 7.  The undersigned agrees.  Each of Plaintiff's federal claims will be addressed in turn, followed by any potential state law claims that may be raised by Plaintiff.

### 1. Due Process Claim

First, Defendant correctly states that Plaintiff's due process claim fails whether it is procedural or substantive.  *Id.*  Plaintiff has failed to identify a liberty interest, property interest, or procedural protection that was denied to him by Dr. Miller.  Instead, Plaintiff appears to disagree with Dr. Miller's treatment choices.  *See* ECF Dkt. #29-1 at 5-6.  Further, Plaintiff has failed to state a substantive due process claim because such claims are subsumed by the Eighth Amendment.  The Supreme Court of the United States explained:

> [A]ll claims that law enforcement officers have used excessive force - deadly or not - in the course of the arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.  Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive government conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.

*Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Whitley v. Albers*, 475 U.S. 312, 327 (1986). The Sixth Circuit has found this line of reasoning equally forceful in the context of claims arising under the Eighth Amendment, specifically in a case involving a 42 U.S.C. § 1983 claim.  *Walker v. Norris*, 917 F.2d 1449, 1454-55 (6th Cir. 1990).  For these reasons, Plaintiff has failed to state a claim for violation of his due process rights.

### 2. Americans with Disabilities Act Claim

Plaintiff also attempts to assert a claim under the Americans with Disabilities Act ("ADA"). ECF Dkt. #29-1 at 21.  Defendant correctly asserts that Plaintiff has failed to plead essential elements of an ADA claim.  ECF Dkt. #55 at 7.  To establish a prima facie case of intentional discrimination under Title II of the ADA, Plaintiff must show that: (1) he had a disability; (2) he was otherwise qualified; and (3) he was being excluded from participation in, denied the benefits of, or

subjected to discrimination under the program because of his disability.[7] *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). "In other words, the plaintiff must show that the defendant took action because of the plaintiff's disability." *Id.* Here, Plaintiff has failed to establish, or argue, that he had a disability, or how any alleged disability served as the basis for discrimination. Accordingly, Plaintiff has failed to state a claim under the ADA.

### 3. Eighth Amendment Claims

Next, Defendant argues that Plaintiff's Eighth Amendment claims fail because Plaintiff has not shown that Defendant was deliberately indifferent to his medical needs. ECF Dkt. #55 at 7. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care, as deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Supreme Court of the United States has held that "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 105-106. Accordingly, the allegation that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim for medical mistreatment under the Eighth Amendment. *Id.* at 106. In evaluating a deliberate indifference claim, "[courts] distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (1976); *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). "Where a prisoner alleges only that the medical care

---

[7]Plaintiff indicated that he was suing Defendant, an employee of OSU, in her individual capacity and official capacity. For this reasons, it is presumed that Plaintiff intended to bring suit under Title II of the ADA, at least insofar as Defendant is an employee of a public entity. As for any claim against Defendant in her individual capacity, the Sixth Circuit has repeatedly held that the ADA does not permit public employees or supervisors to be sued in their individual capacities. *Williams v. McLemore*, 247 Fed.Appx. 1, 6 (6th Cir. 2007). In any event, Plaintiff has wholly failed to show, or argue, that Defendant or any public entity took or withheld any action based on his disability, or that he was disabled under the ADA.

he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments.'" *Id.* (quoting *Westlake*, 537 F.3d at 860 n.5). "However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all." *Id.* (quoting *Westlake*, 537 F.3d at 860 n.5).

Defendant asserts that Plaintiff's own complaint shows that she was far from indifferent to his condition. ECF Dkt. #55 at 8. The undersigned agrees. In the second amended complaint, Plaintiff asserts that Defendant: ordered x-rays of Plaintiff's neck; spoke with Plaintiff via video conference and ordered that he be brought to OSU for a CT scan relating to his neck pain; examined Plaintiff while he was at OSU; and prescribed medication as a result of the examination. ECF Dkt. #29-1 at 5-6. The facts, as set forth in the second amended complaint, do not demonstrate that Defendant was deliberately indifferent to Plaintiff's medical needs. Further, Plaintiff's claim is one in which he is asserting that he received inadequate medical treatment, rather than no medical treatment, and federal courts are generally reluctant to second guess medical judgments. *Alspaugh*, 643 F.3d at 169. For these reasons, Plaintiff has failed to state an Eighth Amendment claim against Defendant.

### 4. State Law Claims

Plaintiff's remaining claims are matters of state law. *See* ECF Dkt. #29-1 at 21. Defendant argues that Plaintiff's pendant state law claims should be dismissed due to the absence of a federal claim. ECF Dkt. #55 at 9. As the undersigned is recommending that the Court find that Plaintiff has failed to state any federal claim, it is further recommended that Plaintiff's pendant state law claims should be dismissed. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966) ("If the federal claims are dismissed before trial... the state claims should be dismissed as well"); *Brandenburg v, Housing Authority of Irvine*, 253 F.3d 891 (6th Cir. 2001).

### B. Fed. R. Civ. P. 12(b)(1) and (5), Fed. R. Civ. P. 4(m), and ORC § 2117.06

In addition to the arguments described above as to why this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), Defendant asserts that this case should be dismissed for two independent dispositive reasons, and that summary judgment should be granted in her favor for one independent dispositive reason. Specifically, Defendant argues that Plaintiff's claims should be

dismissed pursuant to Fed. R. Civ. P 12(b)(1) and (5), as well as Fed. R. Civ. P. 4(m). ECF Dkt. #55 at 5-6. Further, Defendant asserts that she is entitled to summary judgment on all claims as the claims are barred by ORC § 2117.06. *Id.* at 9-10. As Plaintiff has failed to state a federal claim, and the pendant state law claims may be properly dismissed without prejudice, the three additional and independent arguments posited by Defendant as to why this case should be dismissed or resolved in her favor on summary judgment have been rendered moot and need not be addressed.

## V. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court: GRANT Defendant's Motion insofar as it requests dismissal of all federal claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and dismissal of the pendant state law claims without prejudice; DENY as moot Defendant's Motion insofar as it requests dismissal of all claims pursuant to Fed. R. Civ. P. 12(b)(1) and (5); DENY as moot Defendant's Motion insofar as it requests dismissal of all claims pursuant to Fed. R. Civ. P. 4(m); and DENY as moot Defendant's Motion insofar as it requests that summary judgment be granted in favor of Defendant on all claims pursuant to ORC § 2117.06.

Date: March 21, 2017          */s/George J. Limbert*
                                GEORGE J. LIMBERT
                                UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).